FEDERAL TRADE COMMISSION,
Petitioner,

v.

WESTERN GENERAL DAIRIES, INC., Federated Dairy Farms, Inc., General Dairies, Inc., Upper Snake River Valley Dairymen's Association, Inc., Respondents.

Civ. No. 76–2321 GBH.

United States District Court,
N. D. California.

Jan. 26, 1977.

by W. Robert Wright, Randon W. Wilson and Christopher L. Burton, Salt Lake City, Utah, for respondents.

## MEMORANDUM OF DECISION

GEORGE B. HARRIS, Senior District Judge.

This is a summary proceeding upon a petition filed by the Federal Trade Commission ["FTC"] pursuant to 15 U.S.C. § 49, for an order requiring respondents, four dairy cooperatives, to appear, to testify and to produce documents in compliance with administrative subpoenas duces tecum.

Respondents have refused to comply with the subpoenas on two major grounds: first, that this court lacks subject matter jurisdiction to enforce them, and, second, that the subpoenas are unduly burdensome.

### Background

Pursuant to its resolution of September 16, 1975, the FTC authorized the use of compulsory process in connection with the investigation of the production, processing and distribution of milk and dairy products "in Northern Utah and surrounding states."

On December 10, 1975, the Director of the FTC's San Francisco Regional Office issued the instant subpoenas to respondents. Respondent Western General Dairies, Inc. is a dairy cooperative incorporated in Utah with its principal place of business in Midvale, Utah. Respondents Federated Dairy Farms, Inc. and General Dairies, Inc., now in dissolution, are dairy cooperatives incorporated in Utah, with their principal places of business in Ogden and Murray, Utah, respectively. Respondent Upper Snake River Valley Dairyman's Association, Inc., now in dissolution, is a dairy cooperative incorporated in Idaho with its principal place of business in Idaho Falls, Idaho.

The subpoenas directed respondents to appear before a specified FTC examiner in San Francisco, California, to testify in connection with the FTC investigation and to produce various books, records and documents described in fifty-one specifications.

Barry J. Cutler, Acting Gen. Counsel, FTC, Gerald P. Norton, Deputy Gen. Counsel, Jerold D. Cummins, Acting Asst. Gen. Counsel, Jared O. Blum, Atty., Washington, D.C., for petitioner.

David M. Newman, FTC, San Francisco, Cal., Jones, Waldo, Holbrook & McDonough

It is these subpoenas, as subsequently modified by the FTC, which the FTC now seeks to enforce.

On January 12, 1976, respondents filed a joint motion with the FTC seeking to quash the subpoenas issued to them, or, in the alternative, for a protective order.

The FTC considered these objections and, by letters dated July 14, 1976, granted in part and denied in part respondents' motion to quash.

On August 16, 1976, the FTC's presiding official convened the scheduled hearing for returns on the modified subpoena at the time and place designated. None of the respondents appeared, and no documents were produced.

The instant proceedings followed.

### Discussion

#### I. Subject Matter Jurisdiction

The authority of the FTC to issue the subpoenas for which enforcement is sought is conferred by Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49. Jurisdiction for enforcement is conferred by paragraph three thereof, which provides in pertinent part:

> Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the Commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof. [Emphasis added.]

The issue before this court is whether it is one within the jurisdiction of which the subject FTC inquiry is being carried on, within the intendment of the language in 15 U.S.C. § 49 underscored above.

Respondents contend that the subject matter of the FTC's inquiry bears no relationship whatever to this judicial district. The undisputed facts are that all of the documents requested in the FTC subpoenas are in the custody and control of respondent Western General Dairies, Inc., that all of the individuals requested to testify on behalf of respondents are residents of either Utah or Idaho, that the respondents are each citizens of either Utah or Idaho, and that none of the activity being investigated has any nexus with this judicial district.

The response of the FTC is simple: because it chose to issue the subpoenas from its office in this district and make them returnable here, this district ipso facto becomes a place within which its inquiry is being carried on.

Section 9 of the Federal Trade Commission Act grants to the FTC broad powers to issue and enforce subpoenas, but such powers are not unbounded. The FTC cites several cases in which subpoenas were enforced in the district where returnable, but in the majority of such instances the inquiry was either nationwide or bore some relationship to the district in question. Here, of course, the FTC inquiry is specifically limited to a particular geographical area: Northern Utah and surrounding states.

Had Congress intended to sanction the result called for here by the FTC, it could have vested jurisdiction under § 9 in any district court or in those issuing process. It did not do this, but instead required that enforcement be sought only in those district courts "within the jurisdiction of which such inquiry is carried on."

The interpretation argued for by the FTC effectively emasculates the language of § 9 and makes the choice of forum for enforcement wholly capricious. Under the FTC approach, it would be entitled to issue and enforce subpoenas in Alaska to respondents situated in, and on account of conduct being investigated in, Florida or New York. The court cannot believe Congress countenanced any such result.

At the oral hearing on the matter, counsel for the FTC made the curious argument that the FTC at first considered

bringing these proceedings in Utah, but feared that problems might arise concerning jurisdiction over the Idaho respondent, and so brought them in this district instead. Besides the fact that such reservation is illusory—the Idaho respondent does business in Utah, has its documents under the control of Western General Dairies, Inc., and has waived any objections to appearing in Utah—the FTC decision to then bring enforcement in this district instead cannot possibly serve the interests of any of the respondents. This is not a situation where the competing interests of two or more states must be balanced to see wherein jurisdiction best lies or whose law shall be applied; rather, it presents a spurious claim, for this district has no connection whatever with the FTC inquiry at issue.

Instructive here is the decision in *Federal Trade Commission v. MacArthur,* 532 F.2d 1135 (7th Cir. 1976), wherein the court found:

> The test whether the Commission is undertaking an inquiry in a particular place is whether that place and the activities occurring there *bear a reasonable relation to the subject matter of the investigation.* Factors such as the convenience of the Commission, the location of documents and witnesses, and the corporate headquarters of the company are relevant in determining whether there is an inquiry in a particular judicial district when the only action taken by the Commission is a request for information. As in other areas, *the Commission's choice of a place of inquiry is subject to the bound of reasonableness.* [Citations omitted; emphasis added.]

■ The only factor here favoring the FTC's choice of forum is its own convenience, but in fact the FTC has not claimed it would be inconvenient for it to proceed on this matter in Utah, and in any event such factor cannot be dispositive. Clearly the activities under investigation here do *not* bear a reasonable relationship to this district, and the FTC's decision to seek enforcement in this district does go beyond the bounds of reasonableness.

■ The FTC has also sought to justify jurisdiction in this court on the basis of 28 U.S.C. § 1337, but it is clear that even were § 1337 applicable, so would the accompanying venue statute, 28 U.S.C. § 1391, and under the latter venue is not properly laid in this district.

## II. *The Claim of Burdensomeness*

Respondents have also resisted compliance with the subpoenas on the ground that they are burdensome. The only affidavit submitted by respondents, and the oral argument tendered by counsel for respondents, has focused on the pendency of collateral civil antitrust suits against these respondents. Respondents argue that it is unreasonable for them to produce documents for the FTC at a time when they are defending several related antitrust suits wherein some of the same documents are involved.

■ Compliance with any subpoena involves some burden, but the test is whether compliance would be unduly burdensome. The fact that respondents are involved in other suits does not, without more, amount to undue burdensomeness. No doctrine requires that the FTC investigation take a back seat here, and respondents have cited no cases so holding.

### Conclusion

Enforcement of the subpoenas in issue here would not be unduly burdensome, and the court rejects respondents' argument on that issue. As found above, however, this court lacks jurisdiction to enforce said subpoenas. Accordingly, the petition of the FTC for enforcement is hereby denied.

It is so ordered.

## ORDER ON MOTION OF FTC TO ALTER OR AMEND JUDGMENT

On January 26, 1977, this court filed its MEMORANDUM OF DECISION denying the FTC's petition for enforcement of certain subpoenas duces tecum. A judgment thereon was entered the same day. On February 7, 1977, the FTC filed a notice of

motion to alter or amend said judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and thereafter the parties filed a series of legal memoranda arguing the merits of their respective positions and, in some instances, presenting contentions not theretofore argued before the court. The court entertained oral argument on May 19, 1977, and thereafter took the matter under submission for decision.

The FTC's request for re-examination and modification of this court's MEMORANDUM OF DECISION does not require any change therein, and the FTC has advanced no arguments or authorities which would dictate such a result.

Accordingly, the motion of petitioner FTC to alter or amend judgment is hereby denied. It is so ordered.